IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

Ron Santa McCray,                              )        C/A No.: 2:11-2558-TLW-SVH
                                               )
                    Plaintiff,                 )
                                               )
vs.                                            )
                                               )        REPORT AND RECOMMENDATION
Debra K. Littlejohn; Cameron Marshall;         )
and D. Ashley Pennington,                      )
                                               )
                    Defendants.                )
                                               )

Plaintiff, proceeding *pro se* and *in forma pauperis*, is a pretrial detainee incarcerated at Berkeley County Detention Center ("BCDC") and brings this action against three defense attorneys alleging violations of 42 U.S.C. § 1983. Pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge. For the reasons that follow, the undersigned recommends that the district judge dismiss the complaint in this case without prejudice and without issuance and service of process.

I.    Factual and Procedural Background

The complaint states that Debra K. Littlejohn, an attorney with the public defender's office, violated Plaintiff's "due-process by violating the attorney-client" privilege. Compl. at 3 [Entry #1]. According to the complaint, Defendant Littlejohn visited Plaintiff in jail on September 20, 2009. *Id.* Plaintiff alleges she questioned him about his prior arrest record, and he provided her with false information about a prior

arrest in Texas. *Id.* According to Plaintiff, he "lied to her so that the conversation about the charge in Texas would stop." *Id.*

On December 15, 2009, Plaintiff attended a bond hearing in which the prosecuting attorney argued that Plaintiff "should not receive a bond because he is a flight risk." *Id.* Plaintiff claims that the prosecutor based this argument on information Plaintiff had given Littlejohn regarding the prior Texas arrest. *Id.* Thus, Plaintiff believes Littlejohn violated the attorney-client privilege by providing the prosecutor with this information. *Id.* Plaintiff claims that he was negatively impacted at the bond hearing by Littlejohn's actions, and "had Littlejohn removed" as counsel in September of 2010. *Id.*

Cameron Marshall, also an attorney, is named for rendering ineffective assistance to Plaintiff at a bond reduction hearing. *Id.* at 5. Plaintiff also claims that Defendant Marshall was aware of Defendant Littlejohn's actions, but would not pursue the issue. *Id.* at 4. Defendant Marshall was removed as Plaintiff's defense counsel on June 15, 2011. *Id.*

D. Ashley Pennington is named as Defendant Littlejohn's "overseer." *Id.* Plaintiff sent Defendant Pennington a letter on an unspecified date, explaining Defendant Littlejohn's allegedly improper communication of privileged information to the prosecuting attorney. *Id.* Plaintiff states that Defendant Pennington did not investigate the allegations, and believes that Defendant Littlejohn's actions could have been prevented if an investigation had been initiated. *Id.* Finally, Plaintiff alleges that the

2

Defendants' actions constitute a conspiracy. *Id.* Plaintiff seeks monetary damages and dismissal of his state criminal case.[1] *Id.* at 5.

II.    Discussion

A.    Standard of Review

Plaintiff filed his complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed *sua sponte* under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

*Pro se* complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations

---

[1] Habeas corpus is the exclusive remedy for a prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). Therefore, to the extent Plaintiff seeks release from confinement, such relief is not available under 42 U.S.C. § 1983.

are assumed to be true. *Fine v. City of N. Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

> B.    Analysis

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United Sates was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). First, Plaintiff alleges a violation of his constitutional rights by his defense attorneys, Debra K. Littlejohn and Cameron Marshall. However, an attorney, whether retained, court-appointed, or a public defender, does not act under color of state law when performing traditional functions as counsel. *See Polk County v. Dodson*, 454 U.S. 312, 317–324 & nn. 8–16 (1981) (public defender); *Hall v. Quillen*, 631 F.2d 1154, 1155-1156 & nn. 2–3 (4th Cir. 1980)(court-appointed attorney); *Deas v. Potts*, 547 F.2d 800 (4th Cir. 1976) (private attorney). The complaint names Defendants Littlejohn and Marshall for actions associated with their representation of Plaintiff in state court. As such, Defendants Littlejohn and Marshall are

not considered "state actors" amenable to suit under § 1983, and are entitled to summary dismissal from this case.

Next, Plaintiff names D. Ashley Pennington, Circuit Public Defender for Berkeley and Charleston Counties.   Plaintiff does not allege that Defendant Pennington was directly involved in Plaintiff's state criminal proceedings.   Rather, Plaintiff names Defendant Pennington for failing to investigate the allegedly improper actions taken by Defendant Littlejohn. A § 1983 claim cannot rest on the doctrine of respondeat superior. *Carter v. Morris*, 164 F.3d 215, 221 (4th Cir. 1999). However, supervisory officials may be held liable, in some circumstances, for constitutional injuries inflicted by their subordinates, if certain criteria are established. *Shaw v. Stroud*, 13 F.3d 791, 798 (4th Cir. 1994). A plaintiff must show that the supervisory official was (1) actually or constructively aware of a risk of constitutional injury, (2) deliberately indifferent to that risk, and (3) that an affirmative causal link exists between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff. *Carter v. Morris*, 164 F.3d at 221. "Establishing a 'pervasive' and 'unreasonable' risk of harm requires evidence that the conduct is widespread, or at least has been used on several different occasions." *Shaw*, 13 F.3d at 799 (citing *Slakan v. Porter*, 737 F.2d 368, 373–74 (4th Cir. 1984)). "Ordinarily [a plaintiff] cannot satisfy this burden of proof by pointing to a single incident or isolated incidents." *Slakan*, 737 F.2d at 373. The complaint alleges that Plaintiff sent Defendant Pennington a letter explaining "the situation." [Entry #1 at 4]. However, no facts are presented to demonstrate Defendant Pennington was aware of any pervasive or

5

unreasonable risk of constitutional injury to Plaintiff, or deliberately indifferent to any such risk. Therefore, Defendant Pennington is not liable in his supervisory capacity and the complaint against him should be dismissed. Additionally, Defendant Pennington, as a public defender, also does not act under the color of state law.

At best, Plaintiff's claims concerning the Defendants' actions, or lack thereof, may be construed as a claim of negligence or legal malpractice. However, the law is well-settled that negligence, in general, is not actionable under 42 U.S.C. § 1983. *See Daniels v. Williams*, 474 U.S. 327, 328–336 & n. 3 (1986); *Davidson v. Cannon*, 474 U.S. 344, 345–348 (1986); *Pink v. Lester*, 52 F.3d 73, 75 (4th Cir. 1995) (*Daniels* bars an action under § 1983 for negligent conduct); *Ruefly v. Landon*, 825 F.2d at 793–794.

Finally, the complaint also alleges that the Defendants engaged in a conspiracy to violate Plaintiff's constitutional rights. Under 42 U.S.C. § 1983 and § 1985, an alleged conspiracy must be pled and proved by concrete facts, not mere conclusory allegations. *Simmons v. Poe*, 47 F.3d 1370, 1376–77 (4th Cir.1995); *Buschi v. Kirven*, 775 F.2d 1240, 1248 (4th Cir. 1985). The Supreme Court has held that, to establish a federal conspiracy claim under § 1985, a plaintiff must show that the alleged conspiracy is motivated by "some racial, or perhaps otherwise class-based invidiously discriminatory animus." *Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971); *see also Trerice v. Summons*, 755 F.2d 1081, 1085 (4th Cir. 1985). Plaintiff claims that the prosecuting attorney's knowledge and presentation of information allegedly protected by the attorney-client privilege is evidence of a conspiracy between the Defendants. However, speculation and conjecture

6

are insufficient to demonstrate a conspiratorial agreement and the complaint provides no facts to show that the Defendants came to any mutual understanding or acted "jointly in concert" to deprive Plaintiff of any constitutional right. *See Hinkle v. City of Clarksburg, W.Va*, 81 F.3d 416, 421 (4th Cir. 1996); *see also Ruttenberg v. Jones*, 283 F. App'x 121, 132 (4th Cir. 2008). Plaintiff also fails to establish any discriminatory motive on the part of the Defendants. Thus, to the extent Plaintiff alleges a cause of action for conspiracy arising under 42 U.S.C. § 1983 and/or § 1985, his claim must fail.

III.    Conclusion

For the foregoing reasons, it is recommended that this case be dismissed without prejudice and without issuance and service of process.

IT IS SO RECOMMENDED.

Shiva V. Hodges

January 4, 2012
Columbia, South Carolina

Shiva V. Hodges
United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**

7

### Notice of Right to File Objections to Report and Recommendation

Plaintiff is advised that he may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Larry W. Propes, Clerk of Court**
**United States District Court**
**901 Richland Street**
**Columbia, South Carolina 29201**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).